

**ORDERED in the Southern District of Florida on September 16, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

CABI NEW RIVER LLC,[1]

Case No. 10-49013

Chapter 11

     Debtor.
_____/

**SIXTH INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 105(a), 361, AND 363, AND BANKRUPTCY RULE 4001, (II) PROVIDING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE, AND (III) SCHEDULING FINAL HEARING**

This cause came on for hearing before the Court on September 14, 2011 at 2:00 p.m. (the "Interim Hearing"), upon the *Debtor's Emergency Motion Pursuant to 11 U.S.C. §§ 105(a), 361, and 363, and Bankruptcy Rule 4001 for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens and Super-Priority Claims* [ECF No. 5] (the

---

[1] The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [0247].

"Motion").[2]  Pursuant to the Motion, the Debtor seeks the entry of interim and final orders authorizing it to use Cash Collateral (as defined in the Motion) in which HSBC Realty Credit Corporation (USA) ("HSBC"), as lender may assert liens and security interests.  At the hearing, the Debtor and HSBC announced an agreement for use of cash collateral for an additional period through October 28, 2011.

The Court finds that due and sufficient notice of the Motion was provided to: (i) the Office of the United States Trustee for the Southern District of Florida, (ii) HSBC, (iii) all other known secured creditors of the Debtor, and (iv) all unsecured creditors of the Debtor listed on the List of Creditors Holding 20 Largest Unsecured Claims, and that no other or further notice is necessary.  The Court considered the Motion, together with the record and the agreement of the parties announced by counsel at the Hearing, and it appearing that the use of Cash Collateral is in the best interests of the Debtor and its creditors and essential for the operation of the Debtor's business on an interim basis, being advised that HSBC has consented to the terms of this Order, otherwise being duly advised in the premises, and for the reasons announced on the record at the Hearing, the Court finds as follows:

A. On December 28, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

B. This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §1334 and this is a "core" proceeding pursuant to 28 U.S.C. §157.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.  Notice of the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 Case as contemplated by 11 U.S.C. § 102(a) and Fed. R. Bankr. P. 2002, 4001(b)(c) & (d) and 9104.

---

[2] Unless otherwise indicated, capitalized terms used herein shall have the meaning ascribed to such terms in the Motion.

2

C.   Good cause has been shown for the entry of this Order. The Debtor has an immediate and critical need to use the Cash Collateral in order to continue to attempt to effectuate a reorganization of its financial affairs.  In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

D.   Based on the record presented to the Court at the Hearing, good, adequate and sufficient cause has been shown to justify the immediate grant of the relief requested in the Motion to avoid irreparable harm to the Debtor's estate.  The terms of the Debtor's use of the Cash Collateral, as more fully set forth herein, are fair and reasonable.  Entry of this Order is in the best interests of the Debtor's estate and all parties in interest in this Chapter 11 Case.

NOW, THEREFORE, IT IS ORDERED:

1.   The Motion is GRANTED to the extent set forth herein.  Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits.  This Order shall constitute findings of fact and conclusions of law, and shall become effective immediately upon its entry.

2.   It is the intent of the Court, by this Order, to reserve unto all parties, all legal and equitable rights and duties, and to preserve the status quo pending further proceedings.  The reservation of rights by HSBC includes all of its rights with respect to the payment of a management fee by the Debtor to Cabi Developers, LLC and the nonpayment of cash to HSBC as adequate protection.  As a result, any right, objection, factual assertion or legal argument not specifically addressed and ruled upon herein shall remain as it was prior to the entry of this Order pending a Final Hearing.

3.   Subject to the terms and conditions set forth in this Order, the Debtor is authorized, pursuant to 11 U.S.C. § 363 to use Cash Collateral on an interim basis effective as of

September 17 and continuing through October 28, 2011 (the "Expiration Date") (September 17, 2011 through October 28, 2011 is hereafter referred to as the "Cash Collateral Period"), in accordance with the budget attached hereto as Exhibit 1 (the "Budget"). Particular expense items may exceed the aggregate amount for such expense in the Budget during the Cash Collateral Period by fifteen percent (15%), so long as the aggregate expenses do not exceed the aggregate amount listed in the Budget for the Cash Collateral Period by more than 10%. At the Final Hearing (as defined below), the Court will consider the Debtor's request to use Cash Collateral after the Expiration Date.

4. The Debtor shall escrow sufficient funds in a segregated bank account for taxes and shall pay all insurance premiums in accordance with the Budget. The Debtor shall provide HSBC with evidence of such deposits and the name of the bank in which the tax escrow account is maintained.

5. HSBC's rights to object to the management fees paid to Cabi Developers, LLC in accordance with the Budget shall be preserved.

6. The Court shall conduct a final hearing on the Motion (the "Final Hearing") on **October 26, 2011** at **2:00 p.m.** at the United States Bankruptcy Court, 51 S.W. 1st Avenue, Room 1410, Miami, FL 33130 before the Honorable Judge A. Jay Cristol, United States Bankruptcy Judge. The Debtor shall provide HSBC with a proposed budget for any subsequent period for which the Debtor seeks use of cash collateral at least one week in advance of such hearing.

7. During the Cash Collateral Period, the Debtor will furnish to HSBC by no later than Thursday of every week a report of receipts, disbursements, and a reconciliation of actual expenditures and disbursements with those set forth in the Budget, on a line-by-line basis

4

showing any variance to the proposed corresponding line item of the Budget (the "Budget Reconciliation") (such reports to cover the prior week period), in a form acceptable to HSBC.

8. During the Cash Collateral Period, the Debtor shall provide the following additional information to HSBC within four (4) business days after the end of every week, an updated rolling 4-week forecast of cash receipts and disbursements for the Debtor for the next succeeding 4 weeks, substantially in the form of the Budget, provided, that if requested by HSBC, the Debtor shall, as soon as reasonably practicable, provide an updated rolling 13-week forecast. Such reporting shall be in a form acceptable to HSBC.

9. In addition to the existing rights and interests of HSBC in the Cash Collateral (if any) and for the purpose of providing HSBC additional adequate protection for any such interest, HSBC is hereby granted, as security, a replacement lien of equal extent, validity, priority, and dignity to its pre-petition liens (if any), which replacement lien shall attach to post-petition collateral. The Court makes no determination at this time as to the extent, priority, or validity of any security interest held by or the obligations owed to HSBC prior to the Petition Date. To the extent the adequate protection as provided herein is found to be insufficient, HSBC shall be afforded a superpriority claim pursuant to Section 507(b) of the Bankruptcy Code solely to the extent of any deficiency.

10. Nothing contained herein shall preclude or restrict the Debtor, any creditors' committee that may be appointed, or any subsequently appointed trustee from challenging the validity, extent or priority of any claims, liens or obligations asserted or claimed by HSBC or HSBC defending the same, and nothing herein set forth shall waive any claims, rights, or demands which the Debtor, any creditors' committee, or any subsequently appointed trustee possess or may assert against HSBC, or any claims, rights or demands HSBC may have against any of them.

11. The provisions of this Order, and any and all rights, remedies, privileges, and benefits conferred hereunder, shall be effective immediately upon entry of this Order pursuant to Bankruptcy Rules 6004(h) and 7062.

12. The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

# # #

Submitted by:

Mindy A. Mora
Bilzin Sumberg Baena Price & Axelrod LLP
200 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

Copies to:
Mindy A. Mora
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

**<u>Exhibit "1"</u>**

**Cabi New River, LLC**
**Southern District of Florida**
**Case # 10-49013**
**Weekly Cash Flow Budget**

| | Week # | 38 | 39 | 40 | 41 | 42 | 43 | |
|---|---|---|---|---|---|---|---|---|
| | Week ending | Friday | Friday | Friday | Friday | Friday | Friday | |
| | | 9/23/11 | 9/30/11 | 10/7/11 | 10/14/11 | 10/21/11 | 10/28/11 | |
| | | Budget | Budget | Budget | Budget | Budget | Budget | |
| Line | **Receipts:** | | | | | | | |
| 1 | Leasing Receipts - Gross | $ - | $ 21,896 | $ - | $ - | $ - | $ 21,896 | |
| 2 | Marina Operation Receipts -Gross | $ 5,074 | $ 20,295 | $ 30,442 | $ 20,295 | $ 10,147 | $ 10,147 | |
| 3 | **Total Receipts** | **$ 5,074** | **$ 42,191** | **$ 30,442** | **$ 20,295** | **$ 10,147** | **$ 32,043** | |
| | **Disbursements:** | | | | | | | |
| 4 | Marina Operational Expenses | $ 10,915 | $ 16,618 | $ 7,533 | $ 15,260 | $ 10,915 | $ 21,618 | |
| 5 | Insurance -Property, Wind, GL, et all | $ - | $ - | $ - | $ - | $ - | $ 2,534 | (a) |
| 6 | Reserve Account for Property Taxes | $ 5,808 | $ 5,808 | $ 5,808 | $ 5,808 | $ 5,808 | $ 5,808 | |
| 7 | Sales & Use Tax on rental income | $ - | $ - | $ - | $ - | $ 1,205 | $ - | |
| 8 | Miscellaneous | $ 5,000 | $ 1,350 | $ 200 | $ - | $ - | $ - | |
| 9 | 40-yrs building re-certification costs | $ - | $ 4,000 | $ 4,000 | $ 4,000 | $ 4,000 | $ 4,000 | |
| 10 | **Sub-total Operating Costs** | **$ 21,722** | **$ 27,776** | **$ 17,541** | **$ 25,068** | **$ 21,927** | **$ 33,959** | |
| | **Filing Fees & Expenses:** | | | | | | | |
| 11 | Legal - Bilzin | $ - | $ - | $ - | $ - | $ - | $ - | |
| 12 | Financial Advisor -- CCG | $ - | $ - | $ - | $ - | $ - | $ - | |
| 13 | US Trustee | $ - | $ - | $ - | $ - | $ 1,950 | $ - | |
| 14 | Management Expenses-Cabi Developers | $ - | $ 15,000 | $ - | $ 15,000 | $ - | $ - | |
| 15 | **Sub-total** | **$ -** | **$ 15,000** | **$ -** | **$ 15,000** | **$ 1,950** | **$ -** | |
| 16 | **Total Disbursements** | **$ 21,722** | **$ 42,776** | **$ 17,541** | **$ 40,068** | **$ 23,877** | **$ 33,959** | |
| | **Operating Cash** | | | | | | | |
| 17 | Beginning Cash Balance | $ 45,718 | $ 29,070 | $ 28,485 | $ 41,387 | $ 21,614 | $ 7,884 | |
| 18 | Change in Cash | $ (16,649) | $ (585) | $ 12,902 | $ (19,773) | $ (13,730) | $ (1,916) | |
| 19 | **Operating Cash Balance** | **$ 29,070** | **$ 28,485** | **$ 41,387** | **$ 21,614** | **$ 7,884** | **$ 5,968** | |

(a) Down payment for renewal of Property Insurance due 11/5/11 and second installment of Wind Coverage due 11/16/11